UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICAN CIVIL LIBERTIES UNION
125 Broad Street
New York, NY 10004,

AMERICAN CIVIL LIBERTIES UNION
  FOUNDATION,
125 Broad Street
New York, NY 10004,

                  Plaintiffs,

  v.

CENTRAL INTELLIGENCE AGENCY,
1000 Colonial Farm Rd
McLean, VA 22101,

                  Defendant.

Civil Action No. _____

**COMPLAINT FOR INJUNCTIVE RELIEF**
**(FOIA – Agency refusal to release records)**

      1.     This Freedom of Information Act lawsuit seeks the release of Central Intelligence Agency records pertaining to the Agency's campaign to support Gina Haspel's nomination as director of the agency, including by influencing American public opinion. The records sought also include documents relating to Ms. Haspel's potential conflict of interest in serving as the classification authority over information about her own role in CIA torture, abuse, detention, and rendition.

      2.     On or around March 13, 2018, President Trump announced that he would nominate Gina Haspel to be the CIA Director.

      3.     In support of Ms. Haspel's nomination, the CIA began an unprecedented and overt public campaign to influence the legislative branch's consideration of Ms. Haspel,

including by declassifying and disseminating select information perceived as favorable to Ms. Haspel. The Agency provided reporters with carefully selected facts, including Ms. Haspel's enthusiasm for college sports and Johnny Cash.

4. The CIA promoted press coverage of the information it released through the Agency's own press office and Twitter feed. Between March 23 and April 20, 2018, the CIA's official Twitter account issued more than twenty tweets supporting Ms. Haspel's nomination.

5. Several Senators asked the Agency to declassify and provide the public with meaningful information about Ms. Haspel's controversial actions at the CIA. Senators Martin Heinrich, Ron Wyden, and Dianne Feinstein stated that "the more we review the classified facts, the more disturbed we are, both by the actions she has taken during her career and by the CIA's failure to allow the public the opportunity to consider them." According to these Senators, the "superficial narrative" the CIA promoted through its publicity efforts "does a great disservice to the American people, who expect and deserve to understand the backgrounds of their government's leaders."

6. On April 24, 2018, the CIA's Director of Congressional Affairs wrote in response to the Senators that the Agency "recognizes that the confirmation process for a nominee to be the new Director of CIA requires increased transparency with the American public." Consequently, the response claimed, the CIA was "actively working towards sharing additional information with the public to the greatest extent possible."

7. On April 26, 2018, President Trump appointed Ms. Haspel as Acting Director of the CIA.

8. The following week, the CIA declassified certain additional information, including a late-1980s encounter between Ms. Haspel and Mother Theresa, during which Mother

Teresa "invite[d] Ms. Haspel to the local orphanage." White House Director of Legislative Affairs Marc Short stated that the administration was "trying to be as cooperative as possible with all inquiries into her background," pointing to the revelation about the encounter between Ms. Haspel and Mother Teresa as "an example of declassifying additional documents."

9. On May 4, 2018, Senators Kamala Harris, Ron Wyden, Martin Heinrich, and Dianne Feinstein requested that Daniel Coats, the Director of the Office of National Intelligence, declassify all information related to Ms. Haspel's involvement in the "CIA's Rendition, Detention, and Interrogation Program." The Senators asserted that Ms. Haspel, as Acting Director, was "in the conflicted position of serving as the classification authority over potentially derogatory information related to her own nomination."

10. Neither the Director of National Intelligence nor the CIA publicly released the information sought by the Senators.

11. Also on May 4, 2018, Plaintiffs American Civil Liberties Union and American Civil Liberties Union Foundation (together, the "ACLU") submitted a FOIA request ("Request") for records related to the CIA's influence campaign to support Ms. Haspel's nomination, and to Ms. Haspel's potential conflict of interest in serving as the classification authority over her own actions in the CIA's program of prisoner torture and abuse. The ACLU sought expedited processing of its Request and a waiver of fees.

12. On May 7, 2018, the CIA granted the ACLU's request for expedited processing of its FOIA Request, but has released no records in response to it.

13. On May 17, 2018, the Senate confirmed Ms. Haspel as CIA Director.

14. This action is brought under the Freedom of Information Act, 5 U.S.C. § 552, seeking injunctive and other appropriate relief, including the immediate processing and release of records sought by the ACLU.

## Jurisdiction and Venue

15. This Court has subject-matter and personal jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), 28 U.S.C. § 1331, and 5 U.S.C. §§ 701–706.

16. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

17. Plaintiff American Civil Liberties Union is a nationwide, non-profit, nonpartisan organization with more than 1.75 million members dedicated to the constitutional principles of liberty and equality. The ACLU is also committed to principles of transparency and accountability in government, and seeks to ensure that the American people are informed about the conduct of their government in matters that affect civil liberties and human rights. Obtaining information about governmental activity, analyzing that information, and widely publishing and disseminating it to the press and the public (in both its raw and analyzed form) is a critical and substantial component of the ACLU's work and one of its primary activities.

18. Plaintiff American Civil Liberties Union Foundation is a separate 26 U.S.C. § 501(c)(3) organization that educates the public about civil liberties and employs lawyers who provide legal representation free of charge in cases involving civil liberties.

19. Defendant CIA is an agency of the executive branch of the U.S. government and is an agency within the meaning of 5 U.S.C. § 552(f)(1).

**The ACLU's FOIA Request and the CIA's Response**

20.     On May 4, 2018, Plaintiffs submitted the Request for records concerning CIA efforts to support Ms. Haspel's nomination for director, including but not limited to records related to (1) "selective declassification of information concerning Ms. Haspel"; (2) "whether Ms. Haspel serves as the original classification authority over information concerning her own participation in abuse, torture, rendition, and detention, and any consideration of possible conflicts of interest in this position"; (3) "[c]ommunications between CIA personnel and journalists"; (4) "[c]ommunications between current CIA personnel and former CIA employees"; (5) "CIA decisions to promote coverage deemed favorable of Ms. Haspel"; (6) CIA resources expended to support Ms. Haspel's nomination; (7) "actions undertaken by career, nonpolitical CIA employees"; (8) "coordination with nongovernmental actors" including "public relations firms"; (9) CIA guidance on use of Agency resources to promote nominees; and (10) "[c]ommunications from CIA staff to the White House."

21.     Plaintiffs sought expedited processing, contending that the records were urgently needed to inform the public about actual or alleged government activity and that the ACLU was primarily engaged in disseminating information. *See* 5 U.S.C. § 552(a)(6)(E)(v); *see also* 28 C.F.R. § 16.5(e)(1)(ii); 32 C.F.R. § 286.4(d)(3)(ii); 32 C.F.R. § 1900.34(c)(2). Plaintiffs also sought expedited processing on the grounds that the records related to a "breaking news story of general public interest." 32 C.F.R. § 286.4(d)(3)(ii)(A); *see also* 28 C.F.R. § 16.5(e)(1)(iv).

22.     Plaintiffs sought a waiver of search, review, and duplication fees on the basis that disclosure of the requested records was in the public interest because it was "likely to contribute significantly to public understanding of the operations or activities of the government and [was] not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii); *see also*

28 C.F.R. § 16.10(k)(1); 32 C.F.R § 286.28(d); 32 C.F.R. § 1900.13(b)(2). Plaintiffs also sought the waiver on the basis that the ACLU constituted a "representative of the news media" and that the records were not sought for commercial use. *See* 5 U.S.C. § 552(a)(4)(A)(ii)(II); *see also* 32 C.F.R. § 286.28(e)(7); 32 C.F.R. § 1900.13(i)(2); 28 C.F.R. § 16.10(d).

23. On May 7, 2018, the CIA granted the ACLU's request for expedited processing.

24. The ACLU has received no further response or correspondence from the CIA.

25. The CIA has not released any record in response to the Request.

## Causes of Action

26. The CIA's failure to timely respond to the Request violates FOIA, 5 U.S.C. § 552(a)(6)(A), and the CIA's corresponding regulations.

27. The CIA's failure to conduct a reasonable search for records sought by the Request violates FOIA, 5 U.S.C. § 552(a)(3), and the CIA's corresponding regulations.

28. The CIA's failure to promptly make available the records sought by the Request violates FOIA, 5 U.S.C. § 552(a)(3)(A), and the CIA's corresponding regulations.

29. The failure of the CIA to grant Plaintiffs' request for a waiver of fees violates FOIA, 5 U.S.C. § 552(a)(4)(A)(ii)(II) and the CIA's corresponding regulations.

30. The failure of CIA to grant Plaintiffs' request for a waiver of search, review, and duplication fees violates FOIA, 5 U.S.C. § 552(a)(4)(A)(iii), and the CIA's corresponding regulations.

## Requested Relief

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Order the CIA to immediately to produce all records responsive to the Request;

B. Enjoin the CIA from charging Plaintiffs search, review, or duplication fees for the processing of the Request;

C. Award Plaintiffs their costs and reasonable attorneys' fees incurred in this action; and

D. Grant such other relief as the Court may deem just and proper.

Dated: November 29, 2018                                                  Respectfully submitted,

/s/ *Dror Ladin*

| | |
|---|---|
| Arthur B. Spitzer (D.C. Bar No. 235960) | Dror Ladin (D.C. Bar No. NY0277) |
| American Civil Liberties Union<br>  of the District of Columbia | Hina Shamsi (D.C. Bar No.<br>  MI0071) |
| 915 15th Street, NW, 2nd Floor | American Civil Liberties Union |
| Washington, DC 20005 |   Foundation |
| Tel: 202-457-0800 | 125 Broad Street, 18th Floor |
| Fax: 202-457-0805 | New York, New York 10004 |
| aspitzer@acludc.org | Tel: 212-549-2500 |
| | Fax: 212-549-2654 |
| | dladin@aclu.org |
| *Counsel for Plaintiffs* | hshamsi@aclu.org |